IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| KENNETH KAUTSCH, RAYMOND LEIGH YOUNG, ALAN HIGGINS, LOUIS WATKINS, RANDY MALLICOAT, JASON HOUSTON, and ROGER CAMDEN on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PREMIER COMMUNICATIONS, et al.,<br><br>Defendants. | Case No. 06-cv-04035-NKL |

**ORDER**

Plaintiffs are seven individuals who worked as field service technicians for Defendant Premier Communications and have brought suit against Defendants Premier, Premier Satellite of Oklahoma, LLC, Premier Investment Services, Inc. and Scott Aquino (collectively, "Premier") for violating the Fair Labor Standard Act's ("FLSA") overtime and minimum wage requirements. Pending before the Court is Premier's Motion for Summary Judgment [Doc. # 57]. For the reasons stated herein, Premier's Motion is denied.

**I.     Facts**

Premier is a company whose technicians install DirecTV systems, perform upgrades and make service calls in customers' homes and in commercial buildings. *See* (Pollack Decl. Ex. 5). Premier pays its technicians for each job performed and assigns a

1

specific code for each job category. This compensation scheme is called "piece rate" because the technicians are paid per job rather than by hourly wage. (Def. Brief ¶ 5). Each technician begins work at approximately 8:00 a.m. and finishes the work day with the completion of the day's final job. (Pl. Brief ¶ 2). Premier adds the job codes on a completed work order to determine each technician's pay. (Def. Brief ¶ 6). In order to ensure compliance with FLSA's overtime and minimum wage requirements, Premier alternatively calculates an hourly rate per pay period based on hand-written time sheets submitted weekly by technicians.

Plaintiffs allege that Premier committed several violations of FLSA: 1) Premier failed to meet FLSA's overtime requirements based on the time sheets submitted; 2) Premier instructed technicians not to claim overtime; 3) Premier maintained a blanket prohibition against counting job-to-job travel time or attendance at mandatory weekly team meetings as hours worked; and 4) in addition to taxes and withholding, Premier makes various deductions from technicians' paychecks which in some cases results in pay below minimum wage. In its motion for summary judgment, Premier responds that 1) Plaintiffs lack credible evidence that managers instructed technicians not to report hours actually worked; 2) Plaintiffs destroyed evidence after filing their lawsuit; 3) Premier instructed technicians to include travel time on their weekly time sheets; 4) Plaintiffs failed to complain about Premier's failure to pay overtime; 5) Plaintiffs have presented no credible evidence that Premier failed to pay minimum wage; and 6) Defendant Scott Aquino is not personally liable for any of Premier's alleged misconduct. (Def. Brief, I).

2

Case 2:06-cv-04035-NKL   Document 74   Filed 11/07/07   Page 2 of 10

Premier's basic assertion is that Plaintiffs have failed to identify any documentary evidence to support their claims. (Def. Brief ¶ 20).

## II. Discussion

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, indicates there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Castillo v. Ridge*, 445 F.3d 1057, 1060 (8th Cir. 2006), citing *Gipson v. Immigration and Naturalization Service*, 284 F.3d 913, 916 (8th Cir. 2002). The summary judgment rule is intended "to isolate and dispose of factually unsupported claims" and should be applied to accomplish this purpose. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986). When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id*. at 322, 324-25. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Davis v. U.S. Bancorp*, 383 F.3d 761, 765 (8th Cir. 2004) (citation omitted). The Court must consider all inferences drawn from the underlying facts in a light most favorable to the

3

party opposing the motion, and resolve all reasonable doubts against the moving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248.

Under the FLSA, to recover for uncompensated overtime work, plaintiffs must show "that [the] employer had knowledge, either actual or constructive, of [their] overtime work." *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986). The key inquiry is not whether overtime work was authorized, but whether the employer had knowledge that the employee was performing such work. *Reich v. Stewart*, 121 F.3d 400, 407 (8th Cir. 1997). An employer does not have knowledge of uncompensated overtime when an employee submits time sheets showing such overtime did not occur. *See Bouchard v. Regional Governing Bd. of Region V Mental Retardation Serv's.*, 939 F.2d 1323, 1332 (8th Cir. 1991); *Forrester v. Roth's I.G.A Foodliner, Inc.*., 646 F.2d 413, 414 (9th Cir. 1981). However, "an employer's knowledge is measured in accordance with his duty to inquire into the conditions prevailing in his business," and that the "cases must be rare where prohibited work can be done and knowledge or the consequences of knowledge avoided." *Reich v. Stewart*, 121 F.3d 400, 407 (8th Cir. 1997) (citing *Reich v. Dept. of Conservation & Natural Res., St. of Ala*., 28 F.3d 1076, 1082 (11th Cir. 1994)). Thus,

> [i]n reviewing the extent of an employer's awareness, a court need only inquire whether the circumstances were such that the employer either had knowledge of overtime hours being worked or else had the opportunity through reasonable

diligence to acquire knowledge. *Reich*, 28 F.3d at 1082 (internal citations, quotations and punctuation omitted).

A. **Overtime**

In light of this Court's order of October 4, 2007, the Defendants' Motion for Summary Judgment is moot insofar as it alleges that Plaintiffs lack credible evidence that overtime went unpaid based on weekly time sheet submissions. Premier admits the existence of such evidence. (Doc. # 67). The Court understands that Premier has voluntarily reviewed its records to pay overtime due based on weekly time sheet submissions. This aspect of Premier's Motion for Summary Judgment is, therefore, moot.

Premier next argues that it is entitled to summary judgment on Plaintiffs' theory that Premier instructed its technicians not to report hours actually worked and that Plaintiffs failed to complain about unpaid overtime. Premier states that Plaintiffs' evidence to support this theory is "based entirely upon plaintiffs' self-serving statements." (Def. Brief. ¶ 20). According to Premier, those statements without more "are not sufficient to defeat summary judgment." (Def. Brief, 9).

There is substantial evidence demonstrating that Premier not only had both actual and constructive knowledge that Plaintiffs worked overtime hours for which they were not compensated, but also maintained an official, if unwritten, policy of instructing and/or threatening their technicians to inaccurately report hours in order to avoid paying overtime. Plaintiffs have come forward with specific deposition testimony, including testimony from at least one non-technician witness, that on several occasions, Premier managers instructed technicians not to report hours actually worked. (Pl. Brief ¶ 8).

5

Premier dispatcher Shirley Rollins overheard a Premier manager tell 15- 20 technicians "they all knew they were not to claim over 40 hours." (Rollins Dep., 45-46). Plaintiff Mallicoat witnessed General Manager Bill Wyatt physically alter a time sheet from above 40 hours to below 40 hours. (Mallicoat Dep., 43-44). One Premier manager, Richard Waters, a former technician, admitted that he reported less than 40 hours in order to "get more jobs." (Waters Dep., 68-69). Plaintiffs have established a triable issue as to whether Premier maintained a policy of instructing its technicians not to report hours actually worked. *See Cunningham v. Gibson Elec. Co., Inc.*, 43 F. Supp. 2d 965, 976 (N.D. Ill. 1999) ("Where an employer claims a lack of knowledge, but the evidence strongly supports an inference of deliberate ignorance, the proper conclusion . . . is that the employer knew about the overtime hours."). The weight of the evidence is to be measured by the jury, not the Court. Therefore, summary judgment on Plaintiffs' FLSA claim is not appropriate.

### B. Plaintiffs Destruction of Evidence

Premier asserts that Plaintiff Alan Higgins ("Higgins") destroyed evidence and therefore Premier is entitled to have greater weight attached to the evidence it has produced. (Def. Brief, 5) (citing *Meredith v. PACCAR, Inc.*, No. 4:03 CV 959, 2005 WL 2033430, *10 (E.D. Mo. 2005)). Premier further alleges that Plaintiffs Kautsch and Watkins have produced no documents supporting their claims. Plaintiffs respond that Higgins retained documents concerning his employment until May 2006, when, due to the birth of his son, his office was converted to a new bedroom and his wife moved or

6

discarded his time sheet records. (Higgins Dep., 26-28). Premier is therefore not entitled to any beneficial inference from its allegations that Plaintiffs destroyed evidence as a reasonable jury could accept Higgins's account as true. Furthermore, even if Kautsch and Watkins have not been able to locate their employment records, these are not allegations of destruction, only repeated allegations that the Plaintiffs have failed to produce evidence to support their claims. Therefore, there is insufficient evidence of wrongdoing to justify the remedy sought by Premier. Therefore, summary judgment is not an appropriate remedy.

### C. Travel Time and Weekly Meetings

Premier argues that it is entitled to summary judgment on Plaintiffs' claims that Premier maintained a blanket prohibition against counting job-to-job travel time or attendance at mandatory weekly team meetings as hours worked. (Def. Brief ¶¶ 29-33). The following facts are undisputed: 1) Plaintiff Louis Watkins ("Watkins") was unaware of any Premier policy prohibiting reporting travel time and reported his travel time "on a few occasions"; 2) the time sheets did not include any designation for travel time; and 3) travel time was a topic covered in at least some mandatory weekly meetings. (Watkins Dep., 15), (Houston Dep., 21, 65-66). The content of the weekly team meetings regarding travel time is disputed. Premier argues that travel time was "discussed" at weekly meetings while Plaintiffs Higgins, Mallicoat, Young and Camden as well as several opt-in Plaintiffs claim that Premier managers Ron Connell, Ed Gettys and others instructed its technicians not to include travel time during the weekly team meetings. *See*

*e.g.* (Higgins Dep., 82), (Young Dep., 60). Even if Premier persuaded the Court that Plaintiffs' deposition testimony is inconsistent as to the travel time policy and weekly team meetings, any inconsistencies are to be explored at trial, and are not appropriate grounds for summary judgment. *See Alexander v. Vesta Ins. Group, Inc.*, 147 F. Supp. 2d 1223, 1240 (M.D. Ga. 2001).

### D. Minimum Wage

In addition to taxes and withholding, Premier makes various deductions from technicians' paychecks. Plaintiffs allege that, in some cases, this Premier policy results in pay below minimum wage in violation of FLSA. Premier asserts that it is entitled to summary judgment on Plaintiffs' minimum wage claims because Plaintiffs Young and Houston admitted that, based on actual pay records, they made more than minimum wage. (Def. Brief ¶ 36-37). Premier does not request summary judgment on Plaintiffs' claims that they cannot include time spent during weekly team meetings on their time sheets. Plaintiffs respond that time sheets produced by Premier for Young and Houston include time sheets not in their handwriting and with a signature that it is not theirs. (Young Dep., 37), (Houston Dep., 24-25). Moreover, on at least two occasions, Plaintiff Watkins received zero dollars for working in excess of 20 hours as a result of Premier's deductions policy (Pollack Decl. Ex. 3, 6). Watkins was also paid less than minimum wage for non-technician responsibilities assigned to him in a warehouse. (Watkins Dep., 97). Generally, Plaintiffs respond that Premier's policy of deterring accurate reporting and its failure to produce complete pay records limits definitive determination of each minimum

wage claim. (Pl. Brief ¶¶ 14-18). Plaintiffs have set forth sufficient documentary and deposition evidence to establish a triable issue as to Premier's policies in calculating minimum wage.

### E. Scott Aquino

Finally, Premier argues that Scott Aquino ("Aquino"), the owner and CEO of Premier, is not a proper defendant in Plaintiffs' action. (Def. Brief ¶¶ 39-44). The FLSA permits actions against individuals. The FLSA defines employer as "including any person acting directly or indirectly in the interest of an employer in relation to an employee" and person as "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." 29 U.S.C.A. §§ 203(a), 203(d). "The boundaries of section 3(d) are 'sufficiently broad to encompass an individual who . . . effectively dominates its administration or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees.'" *Dole v. Solid Waste Services, Inc.*, 733 F. Supp. 895, 923 (E.D. Pa. 1989) (citation omitted). Here, it is undisputed that Aquino runs no department at Premier nor have any of the Plaintiffs met Aquino. (Def. Brief ¶¶ 40, 45). However, Plaintiffs argue that Aquino still participates in the operation and plays a role in setting its compensation policies. Specifically, Plaintiff Mallicoat alleges that he heard Aquino instruct Premier managers to "make sure that the techs keep their weekly time sheets at 40 hours and below" on a conference call in which he participated. (Mallicoat Dep., 89). Moreover, Plaintiffs allege that Aquino knew that Premier technicians failed to report overtime hours. (Aquino Dep., 41). Plaintiffs have

9

established a triable issue as to Aquino's involvement in Premier's compensation policies which may have violated the FLSA.

## III. Conclusion

Accordingly, it is hereby

ORDERED that Premier's Motion for Summary Judgment [Doc. # 57] is DENIED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated:  November 7, 2007
Jefferson City, Missouri